UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In Re: Michael J. Hurley                    **MEMORANDUM & ORDER**
                                            24-CV-01085 (DG)


----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

    *Pro se* Appellant Michael J. Hurley appeals from the January 31, 2024 Order of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). *See* Notice of Appeal, ECF No. 1; *see also In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF Nos. 29 (January 31, 2024 "Order Pursuant to 11 U.S.C. § 362(d)(4) Modifying the Automatic Stay *In Rem*" (hereinafter, the "January 31, 2024 Order")), 30 (Notice of Appeal).  The January 31, 2024 Order granted the motion brought by Appellee Select Portfolio Servicing, Inc. *as servicer for Wells Fargo Bank, National Association as Trustee for Securitized Asset Backed Receivables LLC Trust 2006-FR1 Mortgage Pass-Through Certificates, Series 2006-FR1* for relief – with respect to the collateral known as 28 Club Lane, Remsenburg, NY 11960 (the "Collateral") – from the automatic stay then in effect pursuant to 11 U.S.C. § 362(a) ("Section 362(a)").  *See In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF No. 29.[1]

    For the reasons set forth below, the instant appeal is dismissed as moot.

## BACKGROUND

    On June 21, 2023, Appellant, then represented by counsel, filed a voluntary petition under Chapter 13 of the Bankruptcy Code.  *See* Voluntary Petition, *In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF No. 1.  On the same date, Appellant also filed, *inter alia*, a Motion to

---

[1] Familiarity with the procedural history and background of this case – including with the Bankruptcy Court proceedings – is assumed herein.

Extend Automatic Stay (the "Motion to Extend Automatic Stay") with respect to the automatic stay under Section 362 then in effect but expected to expire 30 days after the filing of the Voluntary Petition. *See In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF No. 6; *see also* 11 U.S.C. § 362(c)(3).[2]

On July 14, 2023, the Bankruptcy Court issued an Order Extending Automatic Stay, granting in part the Motion to Extend Automatic Stay – specifically, the Bankruptcy Court ordered that the automatic stay be continued and remain in full force and effect through September 14, 2023. *See In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF No. 20.

On September 8, 2023, Appellee filed a Motion Requesting Entry of an Order Granting *In Rem* Relief Pursuant to 11 U.S.C. § 362(d)(4) with Respect to the First Mortgage Lien on Real Property Located at 28 Club Lane, Remsenburg, NY 11960 Or, in the Alternative, Granting Relief Pursuant to 11 U.S.C. § 362(d)(1) and (2) (the "Motion for Relief from Automatic Stay"). *See In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF No. 23.

On September 20, 2023, the Bankruptcy Court issued another Order Extending Automatic Stay, ordering, *inter alia*, that the automatic stay be continued and remain in full force and effect "for the duration of the above-referenced bankruptcy case or upon further order of the Court." *See In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF No. 24.

On September 27, 2023, Krista M. Preuss, Chapter 13 Trustee, filed in the Bankruptcy Court a Motion to Dismiss Appellant's Chapter 13 case. *See In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF No. 25.

On January 31, 2024, the Bankruptcy Court issued the January 31, 2024 Order, which

---

[2] Pursuant to Section 362(a), an automatic stay was in effect as a result of Appellant having filed a voluntary petition under Chapter 13 of the Bankruptcy Code. *See* 11 U.S.C. § 362(a).

addressed Appellee's Motion for Relief from Automatic Stay and, *inter alia*, ordered: "that the automatic stay in effect pursuant to 11 U.S.C. § 362(a)[] is hereby terminated pursuant to 11 U.S.C. § 362(d)(4) for cause as to [Appellee], its agents, assigns or successors in interest, so that [Appellee], its agents, assigns or successors in interest, may take any and all action under applicable non-bankruptcy law to exercise its remedies against the Collateral."  *See In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF No. 29.[3]

On February 12, 2024, Appellant filed a Notice of Appeal in the Bankruptcy Court with respect to the January 31, 2024 Order.  *See In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF No. 30.  Thereafter, Appellant's Notice of Appeal was transmitted to this Court.  *See* ECF No. 1.

On March 7, 2024, the Bankruptcy Court held a hearing and, *inter alia*, granted the Chapter 13 Trustee's Motion to Dismiss and directed submission of a proposed order.  *See In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), March 7, 2024 docket entry.  On October 25, 2024, the Bankruptcy Court issued an Order Dismissing Case, noting that "this order relates to a hearing held on March 7, 2024."  *See In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF Nos. 71 (Order), 71-1 (Notice of Dismissal of Case).  Appellant did not file a notice of appeal challenging the Bankruptcy Court's Order Dismissing Case and the time period for doing so has elapsed.  *See* Fed. R. Bankr. P. 8002; *see generally In re Hurley*, No. 23-72230 (Bankr.

---

[3] The January 31, 2024 Order also ordered, *inter alia*: "that pursuant to 11 U.S.C. § 362(d)(4), if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other case under this title purporting to affect such real property filed not later than two (2) years after the date of the entry of this Order, except that a debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing."  *See In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF No 29 at 1.  This particular provision of the January 31, 2024 Order – which is not a focus of the parties' briefing on appeal – does not affect the Court's conclusion, discussed further below, that the instant appeal must be dismissed as moot.

E.D.N.Y.).

\* \* \*

In his opening brief on the instant appeal, Appellant argues that the Bankruptcy Court: (1) "misapplied law in finding cause to terminate the automatic stay by failing to see that the **assignment** from *MERS* to *Wells* filed as an exhibit in support of Appellee's underlying *Motion to Modify Stay* was invalid, defective, unenforceable and insufficient to grant appellee the right to pursue collection;" (2) "failed to test RPAPL § 1302-a against the exhibits filed in support of Appellee's *Motion to Modify* Stay which showed the Appellee lacked standing before authorizing Appellee to pursue collect[a]bility;" and (3) "erred by failing to compel Appellee show the trial judge proof of possession of the original mortgage & note (standing & *capacity to enforce*) before authorizing various methods of enforcement." *See generally* ECF No. 10 (consisting of Appellant's Brief, Appellant's Certification in Support of Brief (with Exhibits), and Proposed Order). Appellant requests that the Court "reverse the Bankruptcy Court's order modifying the automatic stay and remand the case for further proceedings consistent with [Appellant's] brief." *See* ECF No. 10 at 19; *see also* ECF No. 10 at 26-27 (ECF-generated pagination) (Proposed Order reflecting, *inter alia*, request that the automatic stay be "reinstated").[4]

In its brief in opposition, Appellee, noting that the Bankruptcy Court has granted the Trustee's Motion to Dismiss, argues that "the dismissal of the bankruptcy case renders the appeal moot" and the Court therefore "should dismiss this appeal as moot." *See* ECF No. 12 at 10, 24; *see also* ECF No. 12 at 10 (asserting, *inter alia*, that in light of the dismissal, "no effective relief

---

[4] In light of Appellant's *pro se* status, the Court liberally construes Appellant's filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

4

would be possible"). Appellee also argues, *inter alia*: (1) that the Bankruptcy Court (a) "clearly had subject matter jurisdiction to determine the MFR;" (b) "did not commit reversible error refusing to hold an evidentiary hearing;" and (c) "did not commit reversible error in finding that Appellee had standing to bring the MFR;" (2) that "[s]tay relief is mandatory when any subsection of Section 362(d) is met;" (3) that "all of the issues raised in the Appellant's brief were raised for the first time on appeal;" and (4) that "any issue not sufficiently briefed on appeal is considered waived." *See generally* ECF No. 12; *see also* ECF No. 12 at 24 (arguing, in the alternative, that the Court should "determine that the bankruptcy court did not err in entering the [January 31, 2024 Order]" and "affirm the [January 31, 2024 Order] *in toto*").

In his reply brief, Appellant argues that the "trial court record shows why Appellee's argument that 'appeal is moot' fails." *See* ECF No. 18 at 9-10.  More specifically, Appellant argues, *inter alia*, that "this argument fails because the court did not grant the Trustee's [Motion to Dismiss];" that "[e]ven if dismissal was granted, such would not render the appeal moot, as the issues raised in the appeal relate to the propriety of the Bankruptcy Court's decision to grant relief from the automatic stay and to deny an evidentiary hearing;" that "[t]hese issues are distinct from a 'dismissal' and remain live controversies that this Court can easily resolve;" that "if the bankruptcy court did grant Trustee's [Motion to Dismiss], that Order would be appealable, however filing a [Notice of Appeal] to an Order granting [Motion to Dismiss] would be moot because no such Order was ever entered;" and that "[t]he automatic stay is in effect and the opportunity for a necessary evidentiary hearing on standing that this Court can provide confirms the appeal is not moot." *See* ECF No. 18 at 9-10.[5]

---

[5] The parties' briefs on appeal were filed before the Bankruptcy Court issued the above-referenced October 25, 2024 Order Dismissing Case.  Neither party has sought leave to

## DISCUSSION

As set forth below, the instant appeal is moot in light of the dismissal of the underlying bankruptcy case and attendant termination of the automatic stay and, accordingly, the appeal is dismissed.

**I.      Applicable Law**

    **A.      Jurisdiction and Mootness**

Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. However, Article III, Section 2 of the United States Constitution limits the jurisdiction of the federal courts to the resolution of cases and controversies. *See* U.S. Const. art. III, § 2.

The Second Circuit has stated that "[i]n bankruptcy, mootness involves equitable considerations as well as the requirement of Article III of the Constitution that there be a live case or controversy," *see In re Best Prods. Co., Inc.*, 68 F.3d 26, 29-30 (2d Cir. 1995) (citing *In re Chateaugay Corp.*, 10 F.3d 944, 952 (2d Cir. 1993)); that "Article III requires that '[when] an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed,'" *see id.* at 30 (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)); and that "[a]n appeal is also moot when even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable," *see id.* (quotation omitted). Courts have held that when a bankruptcy case has been dismissed, and that dismissal is not itself on appeal,

---

supplement the briefing on appeal and the Court has determined that additional briefing is not necessary in light of the legal standards applicable to the dispositive issues here.

The Court has considered the parties' filings at ECF Nos. 19 and 20, which do not affect the Court's decision herein.

an appeal of an interlocutory order of the bankruptcy court in that case is moot. *See, e.g.*, *In re Dunia*, No. 20-CV-07484, 2021 WL 1700194, at *2 (S.D.N.Y. Apr. 29, 2021); *Moss v. 245 E. 25th Realty Corp.*, No. 02-CV-07555, 2003 WL 256780, at *2 (S.D.N.Y. Feb. 5, 2003).

    **B.**    **Section 362**

Section 362 governs automatic stays in bankruptcy courts.

As relevant here, Section 362(a) provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of -- (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a).

Also as relevant here, pursuant to Section 362(c), an automatic stay terminates upon dismissal of a bankruptcy case. *See* 11 U.S.C. § 362(c)(2); *In re Dunia*, 2021 WL 1700194, at *2 (noting – in finding bankruptcy appeal involving real property moot where there was an automatic stay and then case dismissal – that "[p]ursuant to Section 362, any automatic stay terminates upon dismissal of the case" and citing Section 362(c)(2)(B)); *In re Lippman*, No. 19-

CV-01470, 2020 WL 13665663, at *3 (E.D.N.Y. Sept. 29, 2020) (finding bankruptcy appeal moot, noting that "11 U.S.C. § 362(c)(2)(B) makes clear the stay only continues until the earliest of case closure, case dismissal, or receipt of discharge"); *In re Walerstein*, 07-CV-02746, 2008 WL 795327, at *2 (E.D.N.Y. Mar. 24, 2008) (stating – in connection with bankruptcy appeal where appellant appealed the bankruptcy court's lift of the automatic stay provisions of Section 362 but never appealed the court's ultimate dismissal of appellant's bankruptcy proceedings and the time for appealing the dismissal had long since passed – that pursuant to Section 362, "any automatic stay would have terminated upon dismissal of the case," that "[a]ccordingly, even if the Bankruptcy Court erred in lifting the automatic stay, the Court cannot reinstate the stay because the underlying bankruptcy proceeding has been dismissed," and that therefore the appeal is moot (collecting cases)); *In re Garnett*, 303 B.R. 274, 278 (E.D.N.Y. 2003) (discussing Sections 349(b)(3) and 362(c)(1) and stating that "dismissal of the bankruptcy petition has the simultaneous effect of undoing the bankruptcy estate and lifting the automatic stay, just as the filing of the petition creates the bankruptcy estate and imposes the automatic stay"); *see also Bullard v. Blue Hills Bank*, 575 U.S. 496, 503 (2015) (noting, *inter alia*, that a "[d]ismissal lifts the automatic stay entered at the start of bankruptcy, exposing the debtor to creditors' legal actions and collection efforts").

## II.   The Appeal is Dismissed as Moot

Appellant's appeal must be dismissed as moot.

Here, as set forth above: Appellant appealed the Bankruptcy Court's January 31, 2024 Order granting Appellee relief from the automatic stay with respect to the Collateral; thereafter, the Bankruptcy Court dismissed Appellant's bankruptcy case upon motion of the Trustee; Appellant did not appeal the dismissal; and the time period for appealing has elapsed. Also as

8

set forth above, pursuant to Section 362, the automatic stay at issue here was terminated upon the Bankruptcy Court's dismissal of the bankruptcy case.

As a result of the Bankruptcy Court's dismissal of Appellant's bankruptcy case, the Court can no longer grant "effectual relief."  *See In re Best Prods. Co., Inc.*, 68 F.3d at 30.  Indeed, even assuming *arguendo* that the Bankruptcy Court had erred in granting Appellee relief from the automatic stay, the Court "would be powerless to reinstate the stay because the underlying bankruptcy proceeding has been dismissed."  *See In re Dunia*, 2021 WL 1700194, at *2.  The appeal therefore must be dismissed as moot.  *See id*. (collecting cases); *see also In re Best Prods. Co., Inc.*, 68 F.3d at 30.[6]

## CONCLUSION

For the reasons set forth above, Appellant's appeal is DISMISSED as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[6] Certain of Appellant's arguments on the issue of mootness are premised on the belief that Appellant's bankruptcy case has not been dismissed and that the stay is in effect.  *See* ECF No. 18 at 9-10.

As to Appellant's non-mootness-related arguments, the Court notes that Appellee raises various persuasive arguments in opposition.  In light of the Court's determination that the instant appeal be dismissed for mootness, the Court need not – and does not – address the non-mootness-related arguments further herein.

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Appellant.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated: January 2, 2025
Brooklyn, New York